[No. 23436. Department One. February 29, 1932.]

W. W. BEEBE, *Appellant*, v. L. N. SMALL *et al.*, *Respondents*.[1]

*Chas. W. Johnson*, for appellant.

*Kerr & McCord*, for respondents.

MITCHELL, J.—This action was brought by W. W. Beebe against J. S. Fisher and L. N. Small, partners doing business as Fisher & Small, Fisher & Small, Inc., and Henry P. Russell and others, partners doing business as Russell Miller Company, to recover on account of the sale for plaintiff of twenty shares of General Motors Corporation stock and twenty shares of Montgomery Ward stock. While the complaint is in the form of two causes of action, it altogether charges, in substance, that the plaintiff delivered the stock to Fisher & Small, who, in the partnership name or in the name of L. N. Small, delivered it to Russell Miller Company for sale; that Russell Miller Company sold it in the open market and failed to account to plaintiff, but that the defendants and still another party used and lost the proceeds of the sale of the stock in stock gambling, to plaintiff's damage in the sum of $1,875, no part of which has been paid.

Upon appropriate denials, the cause was being tried by a jury when, at the close of the evidence on the part of the plaintiff, the court granted and entered a judgment of dismissal as follows: (1) as to the defendants J. S. Fisher and Fisher & Small, on the motion of plaintiff; (2) as to all other defendants, on the motion of their several counsel, on the ground of the insufficiency of the evidence to justify any verdict against them. The plaintiff has appealed, and makes three assignments of error, as follows:

"(1)  In withdrawing from the jury the question of conversion by reason of the delivery of the appellant's stocks by L. M. Small to the respondent Russell Miller Company into a gambling account, and the Russell Miller Company crediting the value of said stocks to the gambling debt of L. N. Small, instead of paying the value thereof to the said L. N. Small, or to Fisher & Small, to be delivered to the appellant.

"(2)  In withdrawing from the jury the question of whether or not the transaction between L. N. Small and the respondent Russell Miller Company was a mere gambling transaction, or a purely specu-

[1]Reported in 8 P. (2d) 998.

lative transaction, contrary to law and contrary to the statutes of the State of Washington.

"(3)    In dismissing the plaintiff's cause of action."

The appellant owned twenty shares of General Motors Corpora-. tion stock and twenty shares of Montgomery Ward stock. He endorsed the certificates in blank, and delivered them to Fisher & Small for sale at the market price. He gave no further instructions at that time, though, as he testified, it was assumed that, later on, he would buy other stock. Fisher & Small were not members of the New York stock exchange, on which the stock was listed, but sold the stock on May 14, 1930, through Russell Miller Company, who were members of the stock exchange.

The twenty shares of General Motors Corporation stock were sold for $989.92 and the twenty shares of Montgomery Ward stock were sold for $874.20, making a total for the two of $1,864.12, the same being the market prices; and, on that day, Fisher & Small were notified in writing by Russell Miller Company of the sale and were given credit accordingly. The evidence shows that, about and after that time, from time to time, Russell Miller Company paid to Fisher & Small thousands of dollars in excess of the amount they had received for the sale of appellant's stock.

On May 27, 1930, the appellant, being aware of the credit in his favor with Fisher & Small, signed and gave to them a written purchase order to buy forty shares of Phillips Petroleum at $38, or less, and thirty shares of Radio Keith Orpheum at $41.50, stating in the order, "I am herewith handing you $1,864.12" to apply on the purchase price of the stock ordered and the expense of buying it, the amount thus placed with Fisher & Small being the amount owing by them to appellant at that time.

Fisher & Small complied with the order, and through a brokerage firm that was a member of the New York stock exchange, other than Russell Miller Company, purchased on May 29, 1930, forty shares of Phillips Petroleum at $38 per share, and on June 6, 1930, thirty shares of Radio Keith Orpheum at $41 per share, which two purchases, together with brokerage expenses, amounted to more than one thousand dollars in excess of the cash payment of $1,-864.12 mentioned in appellant's purchase order. The appellant admits that he was promptly notified by Fisher & Small of the purchases for him through the brokerage firm that was engaged for the purpose of making such purchases. Fisher & Small gave appellant written notice that they had received a dividend of twenty dollars declared on the forty shares of Phillips Petroleum, which amount they had placed to his credit.

It appears that the brokers through whom the stock was bought then had on hand or promptly received enough or more of both kinds of stock to make delivery over the counter, not an unusual

transaction with them, upon the payment of the balance due for the stock, but that appellant paid no further attention to the matter until the middle of July, about which time it seems this suit was commenced and Fisher & Small became insolvent. The brokerage firm that bought the stock on the New York exchange was not made a party to the action.

We can find nothing in the evidence connecting Russell Miller Company with the purchase of stock by the other brokers.

The greater part of the evidence in this case related to other stock market transactions on account of Fisher & Small through both Russell Miller Company and the other brokers who were members of the New York Stock exchange, and was admitted upon the insistence of the appellant in an attempt to connect Russell Miller Company with alleged illegal stock transactions to the detriment of the appellant.

As already noticed, the assignments of error run against Russell Miller Company only. The record, in our opinion, fails to show that they were connected with the sale of stock in which the appellant was interested in any way whatever after the initial sale for which they accounted; nor, as remarked by the trial judge in granting the nonsuit, is there anything in the transactions of Russell Miller Company on the New York stock market testified to indicating those transactions were other than legitimate and valid.

The third assignment of error presents no further matter for consideration. The nonsuit was properly granted.

Affirmed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.